Zurich Am. Ins. Co. v Alterra Am. Ins. Co. (2025 NY Slip Op 02177)

Zurich Am. Ins. Co. v Alterra Am. Ins. Co.

2025 NY Slip Op 02177

Decided on April 15, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 15, 2025

Before: Kern, J.P., Gesmer, Mendez, O'Neill Levy, Michael, JJ. 

Index No. 653540/21|Appeal No. 4111|Case No. 2024-00317|

[*1]Zurich American Insurance Company, Appellant,
v
Alterra America Insurance Company, Respondent, Baroco Contracting Corp., Defendant.

Coughlin Midlige & Garland LLP, New York (Adam M. Smith of counsel), for appellant.
Hinshaw & Culbertson LLP, New York (Matthew C. Ferlazzo of counsel), for respondent.

Order, Supreme Court, New York County (Louis L. Nock, J.), entered December 15, 2023, which, to the extent appealed from as limited by the briefs, denied the motion of plaintiff Zurich American Insurance Company (Zurich) for summary judgment declaring that defendant Alterra America Insurance Company (Alterra) wrongfully denied excess coverage to RC Dolner, LLC (RC Dolner) and defendant Baroco Contracting Company (Baroco) with respect to an underlying action, declared that Alterra's obligation to provide additional insured coverage to RC Dolner is on an excess basis upon exhaustion of Zurich's policy, and granted Alterra's motion for summary judgment dismissing Zurich's second and fourth causes of action, unanimously affirmed, with costs.
The court properly declared that Alterra does not owe coverage to Baroco on the basis that Baroco did not enter a written contract with its subcontractor Fine Line Carpentry & Renovations Inc. (Fine Line) as required for coverage under Alterra's Insurance Requirement endorsement. We reject Zurich's contention that Fine Line was not Baroco's subcontractor. For these purposes we adopt the definition of "subcontractor" "as one who assumes performance of some part of the contract, so that labor or other service, and not merely the furnishing of materials, is involved" (A & J Buyers v Johnson, Drake & Piper, 25 NY2d 265, 271 [1969]). This definition is consistent with the "plain and ordinary meaning" of the word (Burlington Ins. Co. v NYC Tr. Auth., 29 NY3d 313, 321 [2017] [internal quotation marks omitted]). By furnishing labor, Fine Line performed a portion of Baroco's contract and therefore was Baroco's subcontractor. We also reject Zurich's reliance on Labor Law § 861-c, which is concerned with classification of employees and would not be in line with the "reasonable expectations of a businessperson" (Belt Painting Corp. v TIG Ins. Co., 100 NY2d 377, 383 [2003]).
The court properly declared that Alterra's obligation to provide additional insured coverage to RC Dolner is on an excess basis upon exhaustion of Zurich's policy because of the horizontal exhaustion rule (see Bovis Lend Lease LMB, Inc. v Great Am. Ins. Co., 53 AD3d 140 [1st Dept 2008]). Zurich's argument that this issue is not ripe until a determination as to whether RC Dolner is entitled to contractual indemnification is unpersuasive. Even if there is a subsequent finding that RC Dolner is entitled to indemnification from Baroco, the court still properly declared that Alterra's obligation is to provide additional insured coverage to RC Dolner on an excess basis upon exhaustion of Zurich's policy (see id. at 154-155; compare Scottsdale Ins. Co. v Mt. Hawley Ins. Co., 213 AD3d 442 [1st Dept 2023], lv dismissed in part, denied in part, 41 NY3d 932 [2024] [horizontal exhaustion rule inapplicable where contractual indemnification entitlement has already been determined]).
We have considered Zurich's remaining contentions and find them unavailing. THIS [*2]CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 15, 2025